# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEFENDERS OF WILDLIFE and<br>CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS OLIVER, in his official capacity as<br>Assistant Administrator for National Oceanic and<br>Atmospheric Administration Fisheries;<br>WILBUR L. ROSS, in his official capacity as<br>Secretary of the Department of Commerce; and<br>NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:19-cv-02299-TNM |

## JOINT MOTION FOR STAY

The parties jointly request that the Court stay the litigation until May 15, 2020. The parties provide the following grounds in support of this motion:

1.    The National Marine Fisheries Service ("NMFS") issued final rules listing the giant manta ray and oceanic whitetip shark as threatened species under the Endangered Species Act ("ESA") on January 22 and January 30, 2018, respectively. Final Rule to List the Giant Manta Ray as Threatened under the ESA, 83 Fed. Reg. 2,916 (Jan. 22, 2018); Final Rule to List the Oceanic Whitetip Shark as Threatened under the ESA, 83 Fed. Reg. 4,153 (Jan. 30, 2018). The rule listing the giant manta ray became effective on February 21, 2018, 83 Fed. Reg. 2,916, while the rule listing the oceanic whitetip shark became effective on March 1, 2018, 83 Fed. Reg. 4,153.

2.    On April 2, 2019, Plaintiffs' counsel sent a notice to Defendants titled "Sixty-Day Notice of Intent to Sue for Violations of the Endangered Species Act in Connection with Authorizing Atlantic Highly Migratory Species Fisheries." *See* Attachment A. The notice alleges

that NMFS violated the ESA by "continuing to authorize" fisheries managed under the 2006

Consolidated Atlantic Highly Migratory Species ("HMS") Fishery Management Plan ("FMP")

without first reinitiating and completing ESA Section 7 consultation to ensure that its actions are

not likely to jeopardize the continued existence of the recently listed giant manta ray and oceanic

whitetip shark. *Id.* at 7-8.

       3.      On June 25, 2019, NMFS sent a response to Plaintiffs' counsel stating that the

agency had already reinitiated ESA Section 7 consultations on the fisheries managed under the

2006 Consolidated Atlantic HMS FMP, one consultation over the effects of the pelagic longline

("PLL") fishery for Atlantic HMS and the other over the effects of the rest of the fisheries

managed under the 2006 Consolidated HMS FMP. *See* Attachment B. The consultations would

address not only effects of the HMS fisheries on the giant manta ray and oceanic whitetip shark,

but also effects on other listed species and designated critical habitat in the action area. *Id.* To

complete the ongoing consultations, NMFS represented that it would accordingly issue two

separate biological opinions. *Id.* NMFS' Protected Resources Division[1] estimated that it would

issue the biological opinion on the non-PLL HMS fisheries by October 15, 2019, and the

biological opinion on the PLL fishery for Atlantic HMS by February 19, 2020. *See id.*

       4.      On August 1, 2019, Plaintiffs filed their complaint, alleging that through failure to

complete ESA Section 7 consultation, Defendants are failing to ensure that the effects of the

---

[1] ESA Section 7 provides that an action agency, in consultation with a consulting agency, must ensure that its action is not likely to jeopardize the continued existence of a listed species. 16 U.S.C. § 1536(a)(2). In this case, different divisions of NMFS serve as the action agency and consulting agency. NMFS' Office of Sustainable Fisheries, HMS Management Division, is the division that functions as the action agency as it is responsible for the fisheries managed under the 2006 Consolidated Atlantic HMS Fishery Management Plan. NMFS' Southeast Regional Office, Protected Resources Division, is the division that functions as the consulting agency that will complete the biological opinions.

HMS fisheries are not likely to jeopardize the continued existence of the giant manta ray and oceanic whitetip shark. ECF 1 ¶¶ 66-68. Defendants filed an answer to Plaintiffs' complaint on October 28, 2019. ECF 17.

5.      Plaintiffs subsequently amended their complaint, adding a claim under the Administrative Procedure Act. ECF 20. Plaintiffs' new claim alleges that NMFS failed to complete the biological opinions within a reasonable amount of time and that its delay is unreasonable. *Id.* ¶ 80. Defendants filed their answer to Plaintiffs' first amended complaint on November 29, 2019. ECF 24.

6.      NMFS' Protected Resources Division recently re-examined its schedule for completing the consultations and issuing the biological opinions. The Protected Resources Division anticipates being able to issue the biological opinion on the non-PLL HMS fisheries by January 10, 2020, and the biological opinion on the PLL fishery for Atlantic HMS by May 15, 2020.

7.      The parties respectfully request a stay of the current litigation until May 15, 2020, to allow the Protected Resources Division to devote its resources to completing the consultation processes and issuing the biological opinions. The stay would conserve the parties' and the Court's limited resources by avoiding potentially unnecessary litigation. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.").

8.      The proposed stay would postpone the deadlines set in: (1) the Court's November 27, 2019 Minute Order; and (2) any other deadlines established by the Court, the Federal Rules of Civil Procedure, and the Local Rules.

The parties agree and stipulate that the following terms (Paragraphs 9 through 15) should apply to the stay:

9.     Defendants will provide a written status update to the Court on January 2, 2020, advising of the current status of the biological opinions and whether the Protected Resources Division anticipates issuing the non-PLL HMS fisheries biological opinion by January 10, 2020. Defendants will provide additional written status reports on the consultation on the PLL fishery for Atlantic HMS approximately every month until May 15, 2020—on January 10, 2020; February 7, 2020; March 6, 2020; and April 8, 2020.

10.     Should Defendants notify the Court or Plaintiffs that they do not expect to meet their expected completion date(s) described in Paragraph 6, the parties will meet and confer within seven calendar days after notice is provided in a good-faith effort to resolve the matter before notifying the Court. If the parties are unable to resolve the matter themselves within 14 calendar days of Defendants' notification, the parties shall submit a stipulation for the Court's approval terminating the stay and the parties will brief Plaintiffs' claims in accordance with the applicable briefing schedule established in Paragraphs 11 and/or 12 below. If the parties resolve the matter themselves and decide that a motion to extend the stay is needed, they will file a joint motion to extend the stay beyond May 15, 2020. The motion to extend the stay will also include new status report deadlines and new briefing schedules taking the extended stay period into account.

11.     If the Protected Resources Division does not issue the biological opinion on the non-PLL HMS fisheries on or before January 10, 2020, and the parties have not resolved the matter pursuant to the procedures outlined in Paragraph 10, the following expedited briefing schedule will apply:

- January 22, 2020 – Defendants lodge the certified list of the contents of the administrative record with the Court and provide Plaintiffs with a copy of the administrative record.

- February 14, 2020 – Plaintiffs file their motion for summary judgment.

- March 13, 2020 – Defendants file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment.

- March 27, 2020 – Plaintiffs file their combined opposition to Defendants' cross-motion for summary judgment and reply in support of their own motion for summary judgment.

- April 10, 2020 – Defendants file their reply in support of their motion for summary judgment.

12.     If the Protected Resources Division does not issue the biological opinion on the

PLL fishery for Atlantic HMS on or before May 15, 2020, or if Defendants inform Plaintiffs

before May 15, 2020 that the biological opinion will not be completed by that date, and the

parties have not resolved the matter pursuant to the procedures outlined in Paragraph 10, the

following expedited briefing schedule will apply:

- Within 7 days of the parties submitting a stipulation for the Court's approval terminating the stay, Defendants will lodge the certified list of the contents of the administrative record with the Court and provide Plaintiffs with a copy of the administrative record.

- Within 21 days of Defendants lodging the certified list of the contents of the administrative record with the Court, Plaintiffs will file their motion for summary judgment.

- Within 30 days of Plaintiffs filing their motion for summary judgment, Defendants will file their combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment.

- Within 21 days of Defendants filing their combined cross-motion for summary judgment and opposition, Plaintiffs will file their combined opposition to Defendants' motion for summary judgment and reply in support of their own motion for summary judgment.

- Within 21 days of Plaintiffs' filing their combined opposition and reply, Defendants will file their reply in support of their motion for summary judgment.

13.     If there is a lapse in appropriations at any time from the time this motion to stay is filed until May 15, 2020, including a lapse in appropriations at the Department of Justice, that affects NMFS' ability to meet either (1) the timelines for completing the consultations and issuing the biological opinions set forth in Paragraph 6, or any revised timelines agreed upon under the process described in Paragraph 10, or (2) the briefing deadlines set forth in Paragraphs 11 or 12, as applicable, the case and all pending timelines/deadlines will be stayed and remain stayed until appropriations are restored. If Plaintiffs intend to file a motion to lift the stay or any other document during the lapse in appropriations, Plaintiffs' counsel will notify Defendants' counsel, and obtain Defendants' position, prior to filing the motion or other document with the Court.

14.     Within 14 business days after appropriations are restored, the parties will file a joint status report with the Court in which either: (1) NMFS will propose new timeline(s) for completing the consultation(s) and issuing the biological opinion(s) and, if applicable, the parties will propose an alternative briefing schedule in the event that NMFS does not meet the new consultation and/or biological opinion timeline for the non-PLL HMS Fisheries biological opinion[2]; or (2) the parties will propose new briefing schedules if the parties are already engaged in summary judgment briefing pursuant to the deadlines set forth in Paragraphs 11 or 12.

---

[2] The briefing schedule outlined in Paragraph 12 will remain the alternative briefing schedule if there is a lapse in appropriations that affects NMFS' ability to meet the timelines for completing consultation and issuing the biological opinion on the PLL fishery for Atlantic HMS by May 15, 2020. However, as noted in Paragraph 14, the timeline for the completing the consultation and issuing the biological opinion may change if there is a lapse in appropriations.

15.     If the Protected Resources Division completes both biological opinions by their

respective timelines outlined in Paragraph 6 above, or on different timelines agreed to by the

parties pursuant to the process outlined in Paragraph 10, Plaintiffs will voluntarily dismiss this

action.

For the reasons outlined above, the parties jointly and respectfully request that the Court

stay the current litigation until May 15, 2020 on the terms contained in this document. A

proposed order is attached.


Dated: January 2, 2020


                              Respectfully submitted,

                              JEAN E. WILLIAMS, Deputy Assistant Attorney General
                              SETH M. BARSKY, Chief
                              MEREDITH L. FLAX, Assistant Chief

                              /s/ Kaitlyn Poirier
                              KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
                              U.S. Department of Justice
                              Environment and Natural Resources Division
                              Wildlife and Marine Resources Section
                              Ben Franklin Station, P.O. Box 7611
                              Washington, D.C. 20044-7611
                              Tel: (202) 307-6623
                              Fax: (202) 305-0275
                              kaitlyn.poirier@usdoj.gov

                              Attorneys for Defendants


                              /s/ Stephen D. Mashuda
                              Stephen D. Mashuda (DC Bar No. WA0005)
                              Christopher D. Eaton
                              EARTHJUSTICE
                              705 Second Ave., Suite 203
                              Seattle, WA 98104
                              206-343-7340 Telephone
                              206-343-1526 Fax
                              smashuda@earthjustice.org

ceaton@earthjustice.org

Andrea A. Treece
EARTHJUSTICE
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
atreece@earthjustice.org


Attorneys for Plaintiffs Defenders of Wildlife and Center
for Biological Diversity

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2020, a true and correct copy of the above document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Kaitlyn Poirier
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 307-6623
Fax: (202) 305-0275
kaitlyn.poirier@usdoj.gov

Attorneys for Defendants